UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES K. SONG, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>AARON DRENBERG, et al.,<br><br>  Defendants. | Case No. 18-cv-06283-LHK (VKD)<br><br>**ORDER RE DISCOVERY DISPUTES**<br>Re: Dkt. Nos. 29, 30 |

The parties ask the Court to resolve two discovery disputes. First, defendant Aaron Drenberg asks the Court to order plaintiffs to supplement their initial disclosures, which Mr. Drenberg contends do not fully comply with the requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure. Second, Mr. Drenberg asks the Court to order plaintiff James Song to respond to Mr. Drenberg's first set of requests for production of documents and to produce all responsive documents.

The parties' inability to resolve these disputes without the Court's assistance does not reflect well on either side.

## I. PLAINTIFFS' INITIAL DISCLOSURES

Mr. Drenberg objects to plaintiffs' April 4, 2019 initial disclosures on two grounds. He complains that plaintiffs served "collective" initial disclosures instead of party-specific initial disclosures (particularly with respect to a computation of damages), and that plaintiffs have not sufficiently identified by category and location the documents on which each of them may rely to support their claims and defenses. Plaintiffs defend the sufficiency of their responses and complain that Mr. Drenberg's demands go beyond what Rule 26(a)(1) requires.

The requirements of Rule 26(a)(1) are straightforward and not particularly onerous. A

party must identify all witnesses and documents (including electronically stored information) that the party may use to support its claims or defenses, must provide a computation of each category of damages claimed by the party and identify supporting documents, and must identify any applicable insurance agreements. Fed. R. Civ. P. 26 (a)(1)(A)(i)-(iv). Before making the disclosures, a party must undertake a "reasonable inquiry" into the facts of the case. *See* Fed. R. Civ. P. 26(g). A party is not excused from making disclosures merely because its investigation is incomplete. *See* Fed. R. Civ. P. 26(a)(1)(E). Nor may a party forego making disclosures because it believes information in its possession, custody, or control is already known to another party.

Rule 26(a)(1) does not require that each party on one side of a case make its disclosures in a separate document. However, as each party has a disclosure obligation, it must be clear from the disclosures that the obligation has been satisfied. It is not clear from plaintiffs' April 4, 2019 initial disclosures whether the information it provides is within the possession, custody, or control of all or only some of the named plaintiffs. It is important to be clear on this point because one of the purposes served by initial disclosures is to focus the additional discovery that may be needed from a party. *See, e.g.*, Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment, subdivision (a), paragraph (1) (discussing witness identification and document disclosure requirements). Plaintiffs must amend their initial disclosures to make clear on which party's behalf particular disclosures are made.

With respect to the document disclosure requirement, plaintiffs need not disclose any documents that are not in their possession, custody, or control, even if they are aware such documents exist. However, each plaintiff must either produce or describe by category and location all documents and electronically stored information in its possession, custody, or control that it may use to support its claims or defenses. Plaintiffs have not fully complied with this obligation. They have offered to produce documents, but have not actually done so. They have provided some description of some of the documents, but that description does not fully comply with Rule 26(a)'s modest required level of specificity and does not include the documents' location. The description should be sufficient to "enable opposing parties (1) to make an informed decision concerning which documents might need to be examined, at least initially, and (2) to

2

frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests." *See, e.g.*, Fed. R. Civ. P. 26 advisory committee's notes to 1993 amendments, subdivision (a), paragraph (1). Plaintiffs have a choice: they may produce all of the documents within the scope of Rule 26(a)(1)(A)(ii), or they must amend their descriptions of those documents to satisfy Rule 26's requirements.

With respect to the damages computation requirement, plaintiffs say that it is not possible to provide a "specific dollar-figure calculation of damages" at this time. Dkt. No. 29, Attach. C at 6. Rule 26(a)(1)(A)(iii) does not require damages to be calculated with precision. However, it does require a party to disclose its present assessment of the amount of damages in light of the information currently available to that party. For example, if Mr. Song contends he has lost business opportunities as a result of Mr. Drenberg's conduct, he must disclose the value of that loss sufficiently so that Mr. Drenberg may understand his potential exposure. *E.g.*, *City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003). At a minimum, plaintiffs must describe on a claim-by-claim basis the nature of the damages claimed (e.g. actual damages), and how such damages may be calculated (e.g. estimated value of specific lost business opportunities). *See id.*; *see also Somers v. Digital Realty Tr. Inc.*, No. 14-CV-05180-EMC(KAW), 2017 WL 2954909, at *9 (N.D. Cal. July 11, 2017), *reconsideration denied,* No. 14-CV-05180-EMC, 2017 WL 3602479 (N.D. Cal. Aug. 22, 2017) (discussing disclosure of damages for reputational harm). Plaintiffs must amend their initial disclosures to comply with the requirements of Rule 26(a)(1)(A)(iii). They may (and must) supplement their disclosures with respect to damages as they continue to investigate their claims.

Plaintiffs must make and serve on Mr. Drenberg the amendments required as discussed above no later than **May 17, 2019**.

## II. MR. SONG'S RESPONSES TO MR. DRENBERG'S DOCUMENT REQUESTS

The parties agree that Mr. Drenberg served 125 requests for production of documents on Mr. Song, and that Mr. Song's written responses to these requests were due to be served on March 26, 2019. Mr. Song did not timely serve responses, apparently because his counsel did not properly calendar the deadline. Dkt. No. 30 at 3.

3

Mr. Drenberg brought the missed deadline to Mr. Song's attention on April 9, 2019. Mr. Song says he does not object to producing all non-privileged documents responsive to Mr. Drenberg's request, but (for some reason that has not been explained to the Court) he has neither served written responses to the requests nor produced the responsive documents. Mr. Drenberg insists that all objections have been waived and refuses to agree to any accommodation, although he does not suggest that he has been or will be prejudiced by a delay in receiving the requested documents.

As Mr. Song indicates he has no objections, except on grounds of privilege, to Mr. Drenberg's document requests, he must serve written responses that comply with Rule 34(b)(2) no later than **May 10, 2019**. Mr. Song must at least begin producing responsive documents no later than **May 10, 2019**, and he must specify a time by which his production will be complete, if not by that date. *See* Fed. R. Civ. P. 34(b)(2)(B). Any documents withheld on grounds of privilege must be identified as required in Rule 26(b)(5) no later than **May 10, 2019**. The Court finds no waiver of privilege at this time. If any responsive documents require protection from public disclosure, the parties may stipulate to and file with the Court a proposed protective order to govern the exchange of such material. Prior to entry of such an order, the parties may stipulate to production of such documents on an attorneys' eyes only basis.

### III. DISCOVERY MANAGEMENT

If the parties have not discussed a discovery plan, as required by Rule 26(f), they shall do so no later than **May 17, 2019**. The discussion must include the following subject matter: (1) the topics described in Rule 26(f)(3)(C) and (D), and (2) the terms of a proposed protective order to govern discovery material that qualifies for protection from public disclosure or whose disclosure should be limited in some other way.[1]

In the future, the parties should keep in mind that the conference of counsel requirement for discovery disputes is not a box-checking exercise. The Court intends that the parties *actually confer to attempt to resolve the dispute*. Failure to confer in good faith will subject a party to

---

[1] Model protective orders are posted on the Court's website at https://cand.uscourts.gov/model-protective-orders.

4

sanctions.

**IT IS SO ORDERED.**

Dated: May 2, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge