1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8      JAMES K. SONG, et al.,                    Case No. 18-cv-06283-LHK   (VKD)

9                      Plaintiffs,

10              v.                               **ORDER RE DISCOVERY DISPUTE RE PLAINTIFFS' INITIAL DISCLOSURES**

11      AARON DRENBERG, et al.,                  Re: Dkt. Nos. 38, 45

12                      Defendants.

13

14        By order dated May 28, 2019, the Court ordered plaintiffs to file responses to the two

15   discovery letter briefs filed by defendant Aaron Drenberg on May 22, 2019. *See* Dkt. No. 44.  On

16   May 30, 2019, plaintiffs filed a single letter with the Court.  Dkt. No. 45.  Plaintiffs did not

17   address the substance of the discovery disputes described in either of Mr. Drenberg's letters, but

18   instead complained that Mr. Drenberg had not complied with the Court's procedures and had not

19   conferred in good faith about the matters in dispute. *Id.*

20        This marks the second occasion on which a discovery dispute has been submitted to this

21   Court for decision without complying with this Court's standing order. *See* Dkt. No. 35.  On the

22   first occasion, the Court admonished the parties regarding the Court's expectations. *Id.*  The Court

23   is disappointed that its admonishment was not taken seriously.

24        The Court finds that Mr. Drenberg's challenges to plaintiffs' initial disclosures may be

25   resolved without a hearing.  As explained below, the Court orders plaintiffs to amend their initial

26   disclosures.  The Court will address Mr. Drenberg's motion to compel responses to his document

27   requests by separate order.

28

## I. PLAINTIFFS' INITIAL DISCLOSURES

Plaintiffs' May 16, 2019 amended initial disclosures address some but not all of the deficiencies cited in the Court's May 2, 2019 order. Dkt. No. 35.

It is apparent from the amended complaint (Dkt. No. 46) that not all plaintiffs assert all claims against all defendants. And yet plainitffs' initial disclosures do not specify which plaintiff or plaintiffs have identified a particular individual as likely to have discoverable information supporting a claim asserted by such plaintiff or plaintiffs. *See* Dkt. No. 35 at 2. Plaintiffs must remedy this problem by amending the disclosure to identify the particular plaintiff or plaintiffs on whose behalf the disclosure of a particular individual is made. If plaintiffs have contact information for an identified individual, even if they believe the contact information is not current, they shall disclose the contact information they have.

Mr. Drenberg is correct that plaintiffs' initial disclosures fail to disclose which categories of documents (e.g., "communications . . . concerning lost business opportunities") may be obtained from which source (e.g., Mr. Song's laptop), and also fail to disclose the physical locations of the documents. *See* Dkt. No. 35 at 2–3. Plaintiffs must remedy this problem by either producing all of the documents which they may use to support their claims, or by amending the disclosure as previously ordered.

Plaintiffs have amended their computation of damages to describe the nature and estimated amount of damages for each of cause of action in the original complaint. However, it is not clear whether this disclosure is still accurate in view of plaintiffs' recent filing of an amended complaint. And for some of the damages claims, it is not clear which plaintiff or plaintiffs are claiming the damages. Plaintiffs must amend their disclosure to clarify their computations of damages.

## II. CONCLUSION

For the reasons explained above and in this Court's prior order, plaintiffs have not complied with their initial disclosure obligations under Rule 26. Plaintiffs must serve amended disclosures that comply with this order and the Court's prior order (Dkt. No. 35) no later than **June 28, 2019**.

**IT IS SO ORDERED.**

Dated: June 19, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge