UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE CALIFORNIA

| | |
|---|---|
| JAMES K. SONG, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>AARON DRENBERG, et al.,<br><br>  Defendants. | Case No. 18-cv-06283-LHK (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE PLAINTIFF'S RESPONSES TO DEFENDANT'S DOCUMENT REQUESTS; ORDER TO SHOW CAUSE RE SANCTIONS**<br><br>Re: Dkt. Nos. 39, 45 |

Defendant Aaron Drenberg moves to compel written responses and production of documents responsive to his documents request to plaintiff James Song. Dkt. No. 39. Because Mr. Drenberg initially submitted this dispute to the Court without Mr. Song's participation (which Mr. Drenberg claims he was unable to obtain), the Court ordered plaintiffs to file a separate response to Mr. Drenberg's submission. *See* Dkt. No. 44. On May 30, 2019, Mr. Song filed a two-page letter with the Court that did not address the substance of the dispute, but instead complained that Mr. Drenberg had not complied with the Court's procedures and had not conferred in good faith. Dkt. No. 45. As Mr. Song has squandered his opportunity to address the merits of the dispute, the Court will decide the matter on the record presented.

For the reasons stated below, the Court grants Mr. Drenberg's motion to compel. In addition, the Court orders Mr. Song to show cause why he should not be sanctioned for failure to comply with this Court's prior order regarding responses to Mr. Drenberg's document requests.

**I. BACKGROUND**

Mr. Song's written responses to Mr. Drenberg's document requests were due to be served on March 26, 2019, but Mr. Song did not comply with that deadline. *See* Dkt. No. 35 at 4. On

1    April 25, 2019, Mr. Drenberg moved to compel responses to all document requests and sought an
2    order finding that all objections had been waived. Dkt. No. 30 at 2. Mr. Song responded that Mr.
3    Drenberg's document requests were not objectionable, save on grounds of privilege, and that he
4    was prepared to provide responses by May 2, 2019. *Id.* at 2–3.

5    In view of the parties' positions, the Court ordered Mr. Song to serve written responses to
6    Mr. Drenberg's document requests no later than May 10, 2019. Dkt. No. 35 at 4. The Court
7    further ordered that Mr. Song begin producing responsive documents no later than that date and
8    that he specify a date by which his production would be completed. *Id.* The Court declined to
9    find a waiver of privilege, but ordered Mr. Song to identify any documents withheld on grounds of
10   privilege, as required by Rule 26(b)(5), no later than May 10, 2019. *Id.*

11   Mr. Drenberg contends that Mr. Song's written responses to the document requests do not
12   comply with this Court's prior order, Rule 34 of the Federal Rules of Civil Procedure, or Civil
13   Local Rule 34-1. *Id.* at 2. He points out that Mr. Song asserts both general and specific
14   objections, despite his prior representation that he did not have objections, and that he has failed to
15   properly assert any claims for privilege. Mr. Drenberg also contends that Mr. Song has failed to
16   produce any responsive documents. *Id.* at 2–3.

17   Mr. Song does not offer any explanation regarding the status of his discovery responses
18   and does not respond to any of Mr. Drenberg's arguments on the merits. *See* Dkt. No. 45.

## II. LEGAL STANDARDS

20   Rule 34(b)(2) governs a party's obligations in responding to document requests. Among
21   other requirements, the Rule specifies that "for each item or category, the response must either
22   state that inspection and related activities will be permitted as requested or state with specificity
23   the grounds for objecting to the request including the reasons." Fed. R. Civ. P. 34(b)(2)(B). With
24   respect to objections based on attorney-client privilege, Rule 26(b)(5) additionally requires that a
25   party specifically describe the documents withheld on grounds of privilege and the basis for the
26   claim of privilege, such that other parties may assess the claim. Fed. R. Civ. P. 26(b)(5)(A).

27   Generally, a party's failure to object to document requests within the time required
28   constitutes a waiver of any objections to those requests, unless the failure is excused. *See, e.g.*,

2

*Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). With respect to objections based on attorney-client privilege, however, waiver of such an objection does not follow automatically from a failure to timely and properly assert a privilege claim. Rather, the Court must consider a party's failure to timely and properly object in the context of a "holistic reasonableness analysis":

> [U]sing the 30-day period as a default guideline, a district court should make a case-by-case determination, taking into account the following factors: the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard.

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (affirming district court's finding of waiver of privilege where privilege log was provided five months after Rule 34 response deadline and lacked sufficient support).

Rule 37(b)(2) authorizes a district court to issue sanctions and other orders where a party fails to comply with a prior discovery order of the court. Fed. R. Civ. P. 37(b)(2)(A), (C).

### III. DISCUSSION

The Court has reviewed Mr. Song's May 10, 2019 written responses to Mr. Drenberg's document requests. Mr. Song's responses do not comply with Rule 34, the civil local rules of this Court, or this Court's prior discovery order.

First, Mr. Song has not complied with requirements of Rule 34 and Civil Local Rule 34-1 with respect to the form of his responses. Rule 34 requires a response to "each item" requested, and Local Rule 34-1 requires each response to "set forth each request in full before each response or objection." Mr. Song's responses do not set forth any of the requests. He refers to the requests by number only and, with a few exceptions, groups them together instead of responding to each request separately. The Court specifically ordered Mr. Song to serve written responses that

1    comply with Rule 34(b)(2), and so his failure to do so is also a violation of this Court's prior
2    order.
3        Second, Mr. Song purports to rely on objections that he has already waived. Mr. Song did
4    not timely respond to any of Mr. Drenberg's document requests, and he identified no objections to
5    the document requests, save for attorney-client privilege and confidentiality of trade secret and
6    proprietary information. Dkt. No. 30 at 3. By failing timely to assert any objections other than
7    privilege and confidentiality, Mr. Song waived objections to those requests.
8        Third, Mr. Song has not timely or sufficiently asserted any objections on grounds of
9    attorney-client privilege or attorney work product protection. Mr. Song's May 10, 2019 responses
10   include boilerplate objections that Requests Nos. 53-58, 71-84, and 95 call for documents
11   "covered by the attorney-client privilege and/or the work product doctrine and/or other applicable
12   privileges." Mr. Song has not provided a privilege log or any other support for his privilege
13   claims that even comes close to what Rule 26(b)(5) requires. Moreover, the Court specifically
14   ordered Mr. Song to identify any documents withheld on grounds of privilege, as required by Rule
15   26(b)(5), no later than May 10, 2019, and so his failure to timely identify such documents is also a
16   violation of this Court's prior order. Given Mr. Song's utter failure to comply with the
17   requirements of Rule 26 and this Court's prior order, the factors set forth in *Burlington* strongly
18   favor a finding that all privileges have been waived. In the exercise of its discretion, the Court
19   will afford Mr. Song *one last opportunity* to properly assert his privilege claims, as set forth
20   below.
21       Fourth, Mr. Song has not produced any responsive documents. The Court specifically
22   ordered Mr. Song to begin producing responsive documents by May 10, 2019 and to indicate in
23   his written responses the date by which such production would be completed. Mr. Song's
24   responses include a statement that he "intends to produce responsive documents . . . within thirty
25   days" of the date he served his written responses—*i.e.* before June 10, 2019. However, he did not
26   begin production as ordered on May 10, 2019, as ordered. In addition, Mr. Song appears to be
27   resisting the production of some or all responsive documents on grounds that they are
28   "confidential" and cannot be produced absent a protective order, but he has not proposed a form of

4

protective order to which he would stipulate, and Mr. Drenberg (for reasons that are not explained to the Court) has refused to accept responsive documents on an "attorney's eyes only" basis until such an order can be negotiated. *See* Dkt. No. 39 at 2.

Mr. Song's failure to comply with the applicable rules and this Court's prior order is unacceptable. Moreover, he offers no justification or explanation for his non-compliance, even though the Court afforded him an opportunity to do so. *See* Dkt. No. 44. Accordingly, the Court grants Mr. Drenberg's motion to compel and orders as follows:

1. Mr. Song has waived and may not rely on any objections to the production of documents responsive to Mr. Drenberg's document requests, with the exception of objections based on the attorney-client privilege and the attorney work product doctrine.

2. No later than **July 3, 2019**, Mr. Song must serve amended responses to Mr. Drenberg's document requests in a form that complies with Rule 34(b) and Civil Local Rule 34-1. Such responses must affirmatively state whether responsive documents exist and must specifically state the form in which any such responsive documents will be produced or made available for inspection.

3. If Mr. Song asserts a claim of privilege with respect to any responsive document, he must identify the document and describe the basis for the privilege claim with the specificity required by Rule 26(b)(5) in a privilege log. That privilege log must be served on Mr. Drenberg no later than **July 8, 2019.**

4. Mr. Song must produce all responsive documents, except those as to which a claim of privilege has been asserted as described in paragraph 3, no later than **July 8, 2019**. If a claim of privilege is made as to a portion of a document but not the entirety of a document, the document shall be produced with the privileged portion redacted.

5. Mr. Song may not withhold any documents from production on grounds that the document contains "confidential" information. The Court will enter a separate Protective Order, and Mr. Song may designate responsive documents, as applicable, for treatment in accordance with its terms.

## IV. ORDER TO SHOW CAUSE

The Court hereby orders Mr. Song to show cause why he and/or his counsel should not be sanctioned for Mr. Song's failure to comply with this Court's May 2, 2019 discovery order with respect to Mr. Drenberg's document requests. Absent a showing that the failure to comply was substantially justified, the Court intends to require Mr. Song and/or his counsel to reimburse Mr. Drenberg for the reasonable attorney's fees and expenses incurred in bringing the motion to compel. *See* Fed. R. Civ. P. 37(b)(2)(C).

Mr. Song must file his response to this show cause order no later than **June 28, 2019.**

**IT IS SO ORDERED.**

Dated: June 19, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge