UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES K. SONG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AARON DRENBERG,<br><br>Defendant. | Case No. 18-cv-06283-LHK (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE PLAINTIFF'S PRIVILEGE LOG**<br><br>Re: Dkt. No. 67 |

The parties ask the Court to resolve a dispute regarding the adequacy of plaintiff James Song's privilege log. In a separate order (Dkt. No. 84), the Court has concluded that Mr. Song did not adequately assert or preserve any claim of attorney-client privilege or attorney work product protection in his responses to defendant Aaron Drenberg's first and second sets of requests for production of documents. That order was based on Mr. Song's deficient written responses to Mr. Drenberg's document requests, which the Court determined did not comply with Rule 34(b)(2) or this Court's prior orders. The Court reserved decision regarding whether Mr. Song's separate privilege log adequately substantiates any claims of privilege or protection.

Mr. Song contends that he has properly asserted claims of privilege and work product protection by providing a privilege log that meets the requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure, and that he should not be deemed to have waived any such privileges or protections. Mr. Drenberg contends that the privilege log does not meet the requirements of Rule 26(b)(5) or this Court's prior orders, and therefore Mr. Song has not adequately asserted any privileges or protections.

For the following reasons, the Court concludes that Mr. Song has not substantiated his claims of attorney-client privilege or work product protection as to entries 1-7 in his July 8, 2019

privilege log.

## I. BACKGROUND

Mr. Drenberg served his first set of requests for production of documents on Mr. Song on February 21, 2019. Dkt. No. 30 at 1. On May 2, 2019, in response to a prior discovery dispute about these requests, the Court found that Mr. Song had failed to timely respond to the requests and had waived all objections, save those based on the attorney-client privilege or the attorney work product protection. The Court ordered Mr. Song to serve written responses that comply with Rule 34(b)(2) no later than May 10, 2019. Dkt. No. 35 at 4. Mr. Song did not comply with this order. *See* Dkt. No. 48 at 3–5. On June 19, 2019, the Court again ordered Mr. Song to serve written responses that comply with Rule 34(b)(2) no later than July 3, 2019, and further ordered him to provide a privilege log no later than July 8, 2019, identifying any document for which a claim of privilege or protection is asserted and describing the basis for such claim with the specificity required by Rule 26(b)(5). Dkt. No. 48 at 5.

Meanwhile, Mr. Drenberg served a second set of requests for production of documents on Mr. Song on or around April 29, 2019. *See* Dkt. No. 66 at 1. Per the parties' agreement, Mr. Song served written responses to this second set of document requests on July 10, 2019. As ordered, Mr. Song also served amended written responses to Mr. Drenberg's first set of document requests. Dkt. No. 65 at 2. In his responses to Mr. Drenberg's first and second sets of document requests, Mr. Song asserted no claims of attorney-client privilege or attorney work product protection, except for a claim of work product protection in response to Requests Nos. 100 and 101. Dkt. No. 65, Attach. A; Dkt. No. 66, Attach. A. In a separate order, the Court has concluded that those work product protection claims lack merit. Dkt. No. 84.

On July 8, 2019, Mr. Song served a privilege log on Mr. Drenberg. Dkt. No. 67 at 2. The cover page of the log says that it concerns documents responsive to Mr. Drenberg's first set of document requests. Dkt. No. 67, Attach. A. The log contains 15 entries and indicates that Mr. Song has withheld documents based on the attorney-client privilege and attorney work product doctrine. *Id.* Most of the entries on the log refer to collections of documents or communications that span months or even years. The log does not indicate how many discrete documents have

2

been withheld or identify the requests to which they are responsive. *Id.*

## II. LEGAL STANDARD

The attorney-client privilege applies only where the communication concerns legal advice sought from an attorney in his or her capacity as a professional legal advisor, and where the communication is made in confidence, is intended to be maintained in confidence by the client, and is not disclosed or waived. *United States v. Martin*, 278 F.3d 988, 999–1000 (9th Cir. 2002) (citing 8 John H. Wigmore, Evidence § 2292, at 554 (McNaughton rev. 1961)). The privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citations and quotations omitted). However, not all communications with an attorney are privileged. *Id.* Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed. *Id.*

The party claiming the privilege has the burden to establish that it applies. *Martin,* 278 F.3d at 999–1000. In particular, a party asserting privilege must "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A); *see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005) (explaining that a party claiming privilege must "provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection."). Typically, this is done using a privilege log that identifies "(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992). However, a party may substantiate a claim of privilege by other means. *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015) ("Briefs, declarations or other proof may establish the purpose of the communication or the specific role of the sender and each individual recipient.").

The attorney work product doctrine protects from discovery materials that are prepared by

3

or for a party or its representative in anticipation of litigation. Fed. R. Civ. P. 26(b)(3)). The doctrine provides qualified protection against discovery of the legal strategies and mental impressions of a party's counsel. *Hickman v. Taylor*, 329 U.S. 495, 508–10 (1947); *Upjohn Co. v. United States*, 449 U.S. 383, 390–91 (1981). It does not protect facts from disclosure, unless disclosure of those facts would inherently reveal an attorney's strategies or mental impressions. *See, e.g.*, *O'Toole v. City of Antioch*, No. 11 CV 01502 PJH MEJ, 2015 WL 1848134, at *3 (N.D. Cal. Apr. 14, 2015); *Hamilton v. RadioShack Corp.*, No. C 11-00888 LB, 2012 WL 2327191, at *4–5 (N.D. Cal. June 18, 2012).

The party asserting the protections of the work product doctrine bears the burden of showing that the documents at issue qualify for protection. *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992). As with claims of attorney-client privilege, the party asserting work product protection must party "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

### III. DISCUSSION

Mr. Drenberg challenges Mr. Song's privilege log on two grounds. First, Mr. Drenberg contends that the privilege log fails to adequately identify the privileged or protected material withheld or the basis for the privilege or protection claimed. Second, Mr. Drenberg contends that Mr. Song's counsel's communications with Daniel Buckles, Kathy Harris, and Angela Moran do not qualify for work product protection.

#### A. Sufficiency of Mr. Song's Privilege Log

Mr. Drenberg argues that Mr. Song fails to substantiate any privilege or work product claims because the privilege log does not describe the documents or communications at issue with the specificity Rule 26(b)(5) requires. Specifically, Mr. Drenberg points out that the log does not identify the request or requests to which each document is responsive, and it lumps multiple documents and communications into single entries spanning months or years without describing

the basis for withholding each distinct document or communication.[1] Mr. Song says none of this is necessary. Instead, he relies on an observation in the Advisory Committee notes accompanying the 1980 amendment adding subdivision (b)(5) to Rule 26, which he says endorse describing privileged or protected documents by category.

Mr. Song's privilege log does not adequately disclose the bases for his assertions of attorney-client privilege or work product protection. Entries 1-7 and 15 in the log refer to multiple documents or communications that span lengthy periods of time ranging from four months to over two years, while entries 8-14 are listed as single communications that refer to "the above" subject matter. None of these entries identifies any specific communication or even category of communications with enough particularity for the Court to assess whether Mr. Song has made a prima facie claim of privilege or work product, or how many documents or communications he has withheld from production.

The Advisory Committee notes provide useful guidance about how a party should assert a claim of privilege or protection, and the consequences for failing to do so:

> A party must notify other parties if it is withholding materials otherwise subject to disclosure under the rule or pursuant to a discovery requests because it is asserting a claim of privilege or work product protection. To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection.
>
> The party must also provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection. Although the person from whom the discovery is sought decides whether to claim a privilege or protection, the court ultimately decides whether, if this claim is challenged, the privilege or protection applies. Providing information pertinent to the applicability of the privilege or protection should reduce the need for in camera examination of the documents.
>
> The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection. Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if

---

[1] Mr. Song also complains that the log contains no contact information for some of the authors and recipients identified in the log, but Rule 26(b)(5) does not require disclosure of that information.

> the items can be described by categories. A party can seek relief through a protective order under subdivision (c) if compliance with the requirement for providing this information would be an unreasonable burden. In rare circumstances some of the pertinent information affecting applicability of the claim, such as the identity of the client, may itself be privileged; the rule provides that such information need not be disclosed.

Fed. R. Civ. P. 26, advisory committee note to 1980 amendment.

Here, Mr. Song has not provided a document-specific privilege log. He has not made any showing that the documents in question are so voluminous that it would be unduly burdensome for him to prepare such a log, nor has he demonstrated that any of the documents implicate the "rare circumstance" where it is impossible for him to provide pertinent information without waiving the privilege or protection claimed. As discussed below, Mr. Song elaborates on the basis for his work product protection claims for entries 8-15 in the parties' joint discovery dispute letter, but he provides no meaningful support for entries 1-7.

Mr. Song seems to suggest that he has no obligation to log or otherwise identify privileged or protected materials consisting of "communications among the Plaintiff and counsel that post-dated the initiation of litigation between the parties" and that such materials are "presumptively privileged." *See id.* at 6. While it is not uncommon for litigants to stipulate that neither party must log the party's communications with its own counsel of record in the litigation after the date that litigation is initiated, it is unclear to the Court whether the parties had reached such agreement or whether such agreement applies to any of the items on Mr. Song's log. As not all communications with counsel are privileged, Mr. Song must do more to support his claim.

Mr. Song's privilege log does not meet the requirements of Rule 26(b)(5) as to any of the entries in the log. However, as forth below, Mr. Song has made a sufficient showing in the joint discovery dispute letter to support a claim for work product protection as to entries 8-15. He has not made such a showing as to entries 1-7.

### B. Work Product Protection as to Buckles, Harris, and Moran

Mr. Drenberg argues that Mr. Song may not rely on the work product doctrine to shield his counsel's communications with Mr. Buckles, Ms. Harris, and Ms. Moran. Dkt. No. 67 at 4–5. Mr. Song contends that his counsel communicated with Mr. Buckles and Ms. Moran to explore

their knowledge as potential witnesses in this case, and with Ms. Harris solely in her role as assistant to Mr. Buckles for purposes of scheduling a meeting with Mr. Buckles. *Id.* at 6–8.

Mr. Song is correct that, absent a showing of substantial need, Mr. Drenberg is not entitled to seek discovery from Mr. Song of his counsel's communications with potential fact witnesses. *Hammett v. Am. Queen Steamboat Operating Co., LLC*, No. 14-CV-2540-SHL/TMP, 2015 WL 12805697, at *4 (W.D. Tenn. July 17, 2015) (denying motion to compel interrogatory responses seeking identities of witnesses interviewed by counsel because such disclosure would reveal counsel's litigation strategy); *E.E.O.C. v. Collegeville/Imagineering Ent.*, No. CV05-3033 PHXDGC, 2007 WL 1089712, at *1 (D. Ariz. Apr. 10, 2007) (same). Mr. Drenberg has not made any showing of substantial need for counsel's communications for use in this case, nor has he established waiver simply by observing that the complaint refers to both Mr. Buckles's and Ms. Moran's roles in the case. Of course, the attorney work product doctrine does not protect facts, and Mr. Drenberg is free to take discovery of any fact witnesses he believes possess information relevant to a claim or defense in the case.

The Court finds that, despite the inadequacy of his privilege log, Mr. Song has established that the attorney work product protects the communications identified in entries 8-15 from disclosure.

**IV. CONCLUSION**

For the reasons explained above, the Court concludes that Mr. Song has not substantiated his claims of attorney-client privilege or work product protection as entries 1-7 in his July 8, 2019 privilege log.

No later than **October 21, 2019**, Mr. Song must serve on Mr. Drenberg an amended privilege log that identifies, with respect to entries 1-7, for each document or communication withheld: (a) the attorney and client involved, (b) the nature of the document or communication, (c) all persons or entities known to have received or sent the document or communication, or to have been informed of its substance, (d) the date the document or communication was generated, prepared, or dated, and (e) the document request or requests to which the document or communication is responsive. Each item on the log must be separately numbered. Only

7

documents or communications responsive to a document request must be logged.  Mr. Song may not add any documents or communications to his privilege log that are not already encompassed by entries 1-7 without leave of the Court.

If any disputes remain about Mr. Song's assertions of privilege or work product, the parties must confer about each disputed item before bringing any further disputes to the Court.  If the Court is asked to resolve any further disputes about privilege or work product, both parties will have to do a much better job briefing the relevant issues.  If necessary, they may seek relief from the word limits set out in the Court's Standing Order for Civil Cases by filing an administrative motion specifying the relief they require.

**IT IS SO ORDERED.**

Dated: October 11, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge