UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES K. SONG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AARON DRENBERG,<br><br>Defendant. | Case No. 18-cv-06283-LHK (VKD)<br><br>**ORDER RE SANCTIONS** |

By order dated June 19, 2019, the Court indicated its intention to require plaintiff James Song and/or his counsel to reimburse defendant Aaron Drenberg for Mr. Song's failure to comply with this Court's May 2, 2019 discovery order with respect to Mr. Drenberg's first set of requests for production of documents, absent a showing that the failure to comply was substantially justified. Dkt. No. 48. Mr. Song responded to that order principally with complaints about Mr. Drenberg's counsel's lack of cooperation in the discovery dispute resolution process. Dkt. No. 51. Mr. Song has not made a persuasive showing that his own positions were substantially justified.

In its order of October 11, 2019, the Court has once again concluded that Mr. Song failed to comply with his obligations under Rule 34 of the Federal Rules of Civil Procedure and this Court's prior orders. Dkt. No. 84. As explained in the Court's October 11 order, Mr. Song's oppositions to Mr. Drenberg's motions to compel were not substantially justified, with two minor exceptions: the Court denied Mr. Drenberg's demands for the existence and location of documents outside Mr. Song's possession, custody, or control, and for better quality screenshots. *Id.*

This Court has authority under Rule 37(b)(2) to issue sanctions for failure to comply with a discovery order. *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (court has inherent authority to sanction bad faith failure to comply with its orders). The Court has carefully

considered whether sanctions are warranted here. In addition to undermining the Court's ability to ensure the progress of discovery in this case, Mr. Song's failure to comply with the Court's orders necessitated successive motions to compel by Mr. Drenberg. Mr. Song's conduct also prejudiced Mr. Drenberg's ability to obtain, review, and complete discovery in this case. For these reasons the Court concludes that sanctions are warranted and appropriate.

Accordingly, the Court awards sanctions under Rule 37(b)(2) in favor of Mr. Drenberg and jointly against Mr. Song and his counsel for failing to comply with the Court's prior orders without substantial justification. Specifically, the Court will require Mr. Song and his counsel to reimburse Mr. Drenberg for his reasonable attorneys' fees and costs incurred in preparing the motions to compel with respect to the first set of document requests (Dkt Nos. 39, 65, 66) as to the matters on which Mr. Drenberg prevailed. Mr. Drenberg may file a declaration or other evidence supporting the amount of attorneys' fees and costs for which he seeks reimbursement in accordance with Civil Local Rule 37-4(b)(3) on or before **October 31, 2019**.[1] Mr. Song may submit a response within seven days of Mr. Drenberg's submission. Alternatively, the parties may stipulate to the amount of attorneys' fees and costs and so advise the Court.

**IT IS SO ORDERED.**

Dated: October 11, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] If Mr. Drenberg wishes to rely on billing statements to the support attorneys' fees claimed, and if those statements would reveal privileged information, he may lodge such statements with the Court for in camera review and file a notice of lodging.