UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES K. SONG, et al., | Case No. 18-CV-06283-LHK |
| Plaintiffs, | **ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |
| v. | |
| AARON DRENBERG, | Re: Dkt. No. 102 |
| Defendant. | |

On October 25, 2019, Plaintiffs filed a Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge challenging Judge DeMarchi's October 11, 2019 Order Re Sanctions (ECF No. 87). *See* ECF No. 102. Pursuant to Civil Local Rule 72-2, "no response need be filed and no hearing will be held concerning" a motion for relief from nondispositive pretrial order of magistrate judge "unless otherwise ordered by the assigned District Judge." Civ. L. R. 72-2. The rule further provides that "[t]he District Judge may deny the motion by written order at any time," though the District Judge "may not grant it without giving the opposing party an opportunity to respond." *Id.* In fact, "[i]f no order denying the motion or setting a briefing schedule is made within 14 days of filing the motion, the motion shall be deemed denied." *Id.* Here, the Court

never set a hearing or briefing schedule. The hearing date of February 20, 2020 and accompanying briefing schedule that Plaintiffs recorded on the docket were not authorized by the Court. In other words, the Court could take no action and simply allow the motion to be deemed denied on November 9, 2019.

On November 1, 2019, however, Plaintiffs filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a). The Court therefore decides the instant motion now, in order to speed the resolution of this case.

A district court may refer nondispositive pretrial matters to a magistrate judge under 28 U.S.C. § 636(b)(1)(A). The district court "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). On review of a nondispositive order, "the magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

In the instant motion, Plaintiffs challenges Judge DeMarchi's order issuing sanctions against Mr. Song and his counsel. ECF No. 87. Specifically, Judge DeMarchi ordered Mr. Song and his counsel "to reimburse Mr. Drenberg for his reasonable attorneys' fees and costs incurred in preparing the motions to compel" with respect to the document requests at issue. *Id.* at 2. Federal Rule of Civil Procedure 37(b)(2) authorizes a court to issue sanctions "for not obeying a discovery order." Fed. R. Civ. P. 37(b)(2)(A). Here, as required by the rule, Judge DeMarchi found that Mr. Song and his counsel had failed to comply with several of Judge DeMarchi's prior discovery orders, including her May 2, 2019 order (ECF No. 35). Before doing so, Judge DeMarchi gave Plaintiffs an opportunity to show that Plaintiffs' failure to comply was "substantially justified," ECF Nos. 48, 51, and concluded that it was not. *Id.* at 1. Moreover, the rule specifically authorizes such sanctions to take the form of payment of "reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(b)(2)(C). Plaintiffs,

United States District Court
Northern District of California

meanwhile, have not shown that Judge DeMarchi's order was clearly erroneous or contrary to law. The Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge is therefore DENIED.

**IT IS SO ORDERED.**

Dated: November 4, 2019

*Lucy H. Koh*

LUCY H. KOH
United States District Judge

United States District Court
Northern District of California