United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES K. SONG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AARON DRENBERG,<br><br>Defendant. | Case No. 18-cv-06283-LHK (VKD)<br><br>**INTERIM ORDER RE DEFENDANT'S MOTION FOR CONTEMPT AND FURTHER SANCTIONS**<br><br>Re: Dkt. No. 117 |

On October 11, 2019, the Court ordered plaintiff James Song and/or his counsel to reimburse defendant Aaron Drenberg for his reasonable attorneys' fees and costs incurred in preparing the motions to compel with respect to Mr. Drenberg's *first* set of document requests[1] ("the sanctions order"). Dkt. No. 87. As the Court explained, Mr. Song failed to comply with previous orders to serve written responses that complied with Federal Rule of Civil Procedure 34(b)(2) and to produce responsive documents. Dkt. No. 84 at 3–10.

Mr. Song sought relief from the Court's sanctions order. Dkt. No. 102. Before Judge Koh ruled on Mr. Song's request for relief or on any of the other motions pending before her, plaintiffs voluntarily dismissed the action on November 1, 2019. Dkt. No. 111. On November 4, 2019, Judge Koh denied Mr. Song's request for relief from the sanctions order. Dkt. No. 112. Although Judge Koh denied the pending motions before her as moot in view of plaintiffs' voluntary dismissal, she noted that "Plaintiffs must still comply with Judge DeMarchi's October 11, 2019 Order Re Sanctions." Dkt. No. 113.

---

[1] These motions to compel were filed as Dkt. Nos. 39, 65, and 68.

On November 15, 2019, Mr. Drenberg filed a motion seeking (1) an order of contempt against Mr. Song's counsel, and (2) additional sanctions with respect to Mr. Drenberg's *second* set of document requests. Dkt. No. 117. Although Mr. Drenberg acknowledged that "there were not prior court orders specifically addressing Mr. Song's responses to and production of documents in response to Mr. Drenberg's second set of document requests," he argued that the Court's earlier orders concerning the first set of document requests "specifically spelled out the requirements that Mr. Song and his attorney needed to follow" and thus applied with equal force to any responses to the second set. *Id.* at 6. Mr. Drenberg contends that the responses Mr. Song provided to the second set of document requests were identical to Mr. Song's responses to the first set of requests, which the Court already found deficient and in violation of its prior orders. *Id.* at 7. Therefore, Mr. Drenberg says, the Court should award sanctions as to the second set as well. Mr. Drenberg's motion for sanctions concerning the second set of document requests is noticed for hearing on December 31, 2019.

Before briefing on Mr. Drenberg's motion for sanctions as to the second set of document requests closed, plaintiffs filed a notice of appeal to the Ninth Circuit of Judge Koh's November 4, 2019 orders. Dkt. No. 126 at 1. It is well settled that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The Court therefore may take no further action with respect to its October 11, 2019 order awarding sanctions related to Mr. Drenberg's first set of document requests. *See Donovan v. Mazzola*, 761 F. 2d 1411, 1414–15 (9th Cir. 1985) (on second appeal, reversing district court's proceedings to determine final amount of fines to be imposed because first appeal divested district court of jurisdiction to quantify sanctions). Because Mr. Drenberg's motion for sanctions as to the second set of document requests relies on the Court's reasons for awarding sanctions as to the first set, the Court finds that this motion constitutes an "aspect of the case involved in the appeal" over which it now lacks jurisdiction. *See Trulis v. Barton*, 107 F.3d 685, 694–95 (9th Cir. 1995) (holding that after defendants appealed district court's denial of their first motion for sanctions, district court did not have jurisdiction to consider

defendants' second motion for sanctions based on identical allegedly sanctionable conduct).

However, the same cannot be said for the portion of Mr. Drenberg's motion concerning contempt. Mr. Drenberg's request that the Court hold Mr. Song's counsel in contempt is not based on the Court's earlier sanctions order, but rather relates to a different order requiring Mr. Song's counsel to read Title V of the Federal Rules of Civil Procedure and Civil Local Rules 26-37, personally investigate the existence and location of documents responsive to each of Mr. Drenberg's document requests, and file a declaration attesting that he has done so under penalty of perjury. Dkt. No. 117 at 3 (quoting Dkt. No. 84 at 12). Because the contempt issue is unrelated to the sanctions order on appeal, the Court retains jurisdiction over that portion of Mr. Drenberg's motion and will consider only that portion.

On December 9, 2019, plaintiffs submitted a late opposition to Mr. Drenberg's motion, including a response to the contempt issue. Dkt. No. 134. Mr. Drenberg may file a reply brief concerning only the contempt issue by **December 16, 2019**. The December 31, 2019 hearing on Mr. Drenberg's motion is hereby CONTINUED to January 7, 2019.

**IT IS SO ORDERED.**

Dated: December 11, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge