UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES K. SONG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AARON DRENBERG,<br><br>Defendant. | Case No. 18-cv-06283-LHK (VKD)<br><br>**ORDER DENYING MOTION FOR AN ORDER OF CONTEMPT**<br><br>Re: Dkt. No. 117 |

Defendant Aaron Drenberg moves for an order holding plaintiffs' counsel, Adam Engel, in contempt of court under Federal Rule of Civil Procedure 37.[1] Dkt. No. 117. Mr. Drenberg asks that the Court order Mr. Engel to reimburse Mr. Drenberg's reasonable attorneys' fees and costs in bringing the motion.[2] *Id.* at 2–4. Mr. Engel opposes the motion. Dkt. No. 134. The Court deems this matter suitable for resolution without oral argument. Civ. L.R. 7-1(b). Having considered the parties' submissions, the Court denies Mr. Drenberg's request for an order of contempt.

**I.   BACKGROUND**

On October 11, 2019, following numerous discovery disputes addressing the same issues (*see, e.g.*, Dkt. Nos. 23, 29, 30, 38, 39, 65, 66, 67, 68, 69, 70), the Court determined that Mr. Engel

---

[1] Mr. Drenberg's motion also requested sanctions against plaintiff James Song in the form of attorneys' fees and costs associated with Mr. Drenberg's motion to compel responses to Mr. Drenberg's second set of requests for production. Dkt. No. 117 at 4–8. As the Court explained in its December 11, 2019 interim order concerning the instant motion, Mr. Drenberg's request for sanctions as to his second set of requests relies on the Court's reasons for awarding sanctions as to the first set of requests for production, which is now on appeal before the Ninth Circuit. Dkt. No. 136. The Court therefore addresses only the contempt portion of Mr. Drenberg's motion.

[2] Mr. Drenberg originally asked the Court to order Mr. Engel to pay a fine to the Court. Dkt. No. 117 at 4. However, in his reply brief, Mr. Drenberg withdrew that request. Dkt. No. 140 at 3.

was not well-informed about his or his clients' discovery obligations. Dkt. No. 84. To remedy that problem, the Court ordered Mr. Engel to: (1) read Title V of the Federal Rules of Civil Procedure ("Disclosures and Discovery"), including the Advisory Committee Notes corresponding to the current rules, and Civil Local Rules 26-37; (2) personally investigate the existence and location of documents responsive to each of Mr. Drenberg's document requests; and (3) file a declaration by October 21, 2019 attesting under penalty of perjury that he had complied with the two foregoing directives. *Id.* at 12.

On October 18, 2019, plaintiff James Song sought an extension of Mr. Engel's deadline to file the required declaration. Dkt. No. 92. The Court extended Mr. Engel's filing deadline to October 28, 2019. Dkt. No. 98.

A review of the docket shows that Mr. Engel filed several motions, including a motion to withdraw as plaintiffs' counsel, between October 25, 2019 and October 30, 2019 (Dkt. Nos. 101, 102, 103, 106). However, he never filed the required declaration, and the Court never entered an order relieving him of that obligation. On November 1, 2019, plaintiffs voluntarily dismissed the action in its entirety. Dkt. No. 111; *see also* Dkt. Nos. 112, 113. Mr. Drenberg later moved for an order of contempt based on Mr. Engel's failure to file the declaration attesting that he had read the discovery rules and notes and investigated the existence and location of responsive documents, as previously ordered. Dkt. No. 117.

## II. LEGAL STANDARD

A court may sanction a party for failing to obey a discovery order and may treat the failure as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vii). Civil contempt[3] "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). "The contempt 'need not be willful,' and there is no good faith

---

[3] "Where the purpose of contempt is 'remedial, i.e., to compensate for the costs of the contemptuous conduct or to coerce future compliance with the court's order, the contempt order is civil.'" *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 n. 5 (9th Cir. 2006) (quoting *Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc.*, 877 F.3d 787, 790 (9th Cir. 1989)).

2

exception to the requirement of obedience to a court order." *Id.* (quoting *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987)). "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." *Id.* (quoting *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)).

### III. DISCUSSION

The Court's October 11, 2019 discovery order was not ambiguous, and the parties do not dispute that Mr. Engel did not file the declaration as ordered. Although Mr. Engel argues that he could not comply with the directive to personally investigate the documents responsive to Mr. Drenberg's document requests because he was unable to communicate with his clients, Dkt. No. 134 at 4–5, he does not contend he was unable to comply with the directive to read the Federal Rules of Civil Procedure, the Advisory Committee Notes, and the Civil Local Rules concerning discovery, or unable to submit a declaration attesting that he had done so.

Nevertheless, the Court finds that holding Mr. Engel in contempt would serve no practical purpose in this case. "Under traditional principles of equity practice, courts have long imposed civil contempt sanctions to 'coerce the defendant into compliance' with [a court order] or 'compensate the complainant for losses' stemming from the defendant's noncompliance with [a court order]." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947)); *see also Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) (summarizing purposes of civil contempt). An order of contempt would serve neither purpose here.

First, the Court directed Mr. Engel to familiarize himself with the discovery rules, investigate his clients' responsive documents, and file a declaration attesting that he had done so in order to promote Mr. Engel's and his clients' compliance with their discovery obligations going forward. As plaintiffs have since dismissed this action, there are no further discovery proceedings for which compliance with those obligations will be required. Contempt does not serve any legitimate coercive purpose with respect to future conduct.

Second, Mr. Drenberg has not suffered and will not suffer any prejudice or harm because

Mr. Engel failed to file the declaration as ordered. Mr. Drenberg no longer has an interest in Mr. Engel's or his clients' future compliance with their discovery obligations, and the Court has already issued a sanctions order that contemplates an award of reasonable attorneys' fees and costs to Mr. Drenberg for plaintiffs' and counsel's past discovery misconduct.[4] *See* Dkt. No. 87. Contempt also does not serve a compensatory purpose with respect to Mr. Drenberg.

Nevertheless, Mr. Drenberg urges the Court to punish Mr. Engel for flouting the Court's authority. Dkt. No. 140 at 9 ("The Court's not enforcing its own rules gives attorneys like Mr. Engel a license to continue his misconduct. . . . No party or their counsel should be allowed to ignore Court Orders as Mr. Engel has done."). While the Court appreciates Mr. Drenberg's concern for the Court's authority, an order of contempt in these circumstances furthers neither the interest of justice nor any other interest of the Court. Rather, Mr. Drenberg's post-dismissal motion for contempt serves only to multiply proceedings in an action that was already unduly contentious and in which the Court has already been asked to (and did) award sanctions against Mr. Song and his counsel, Mr. Engel, jointly for discovery misconduct.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Mr. Drenberg's motion to hold Mr. Engel in contempt. The hearing scheduled for January 7, 2020 is hereby VACATED.

**IT IS SO ORDERED.**

Dated: January 6, 2020

*[signature]*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[4] Plaintiffs appealed the Court's order awarding sanctions before the Court completed its assessment of the specific amount due. *See* Dkt. Nos. 87, 120, 126.

4