UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES K. SONG, et al., | Case No. 18-CV-06283-LHK |
| Plaintiffs, | **ORDER REFERRING MATTER TO STANDING COMMITTEE ON PROFESSIONAL CONDUCT; DENYING REQUEST FOR MONETARY SANCTIONS** |
| v. | |
| AARON DRENBERG, | |
| Defendant. | Re: Dkt. No. 114 |

Before the Court is the motion for sanctions filed by Defendant Aaron Drenberg ("Defendant") against Plaintiffs' counsel, Adam Engel ("Engel"), ECF No. 114 ("Mot."). Engel filed an opposition, ECF No. 119 ("Opp'n"), and Defendant filed a reply, ECF No. 122 ("Reply"). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court REFERS the matter to the Court's Standing Committee on Professional Conduct and DENIES Defendant's request for monetary sanctions.

## I.    UNAUTHORIZED PRACTICE OF LAW

On July 17, 2019, when Engle was ineligible to practice law in California, Engel filed on behalf of Plaintiffs an Opposition to Defendant Drenberg's Partial Motion to Dismiss ("MTD

1

Case No. 18-CV-06283-LHK
ORDER REFERRING MATTER TO STANDING COMMITTEE ON PROFESSIONAL CONDUCT; DENYING
REQUEST FOR MONETARY SANCTIONS

United States District Court
Northern District of California

1   Opposition"), ECF No. 56.  *See* Mot. at 2.  Engel has acknowledged that he filed the MTD

2   Opposition while he was suspended from the practice of law in California by the California State

3   Bar.  *See* ECF No. 88-1 ("Engel Decl.") ¶¶ 8, 9.  Engel was apparently suspended for

4   noncompliance with California's Mandatory Continuing Legal Education Requirements.  *See* Mot.

5   at 2; ECF No. 77, Ex. A.   By filing the MTD Opposition while suspended from the practice of

6   law, Engel engaged in the unauthorized practice of law.

7       In addition, the complaint in this case was filed on October 12, 2018, ECF No.1, prior to

8   Engel's admission to practice in this District on October 15, 2018.  *See* ECF No. 72 at 2

9   (Defendants' previous motion to strike raising this issue).  Engel previously claimed that he had

10  been admitted to practice in this District on October 10, 2018.  Engel Decl. ¶¶ 2–3.  However, the

11  District's Attorney Bar Membership Status Lookup Tool states that Engel was admitted to practice

12  in this District on October 15, 2018.  Although the parties did not raise this conduct in the instant

13  motion, if proven, initiating the instant case prior to admission to practice in this District would

14  constitute a violation of Civil Local Rule 11-1(a) (requiring attorneys to be admitted in this Court

15  before practicing).

16  **II.     REQUESTED RELIEF**

17      In the instant motion, Defendant requests the following relief:

18  (1) that the Court "notify the Chief Judge of the United States District Court for the Northern

19      District of California that Mr. Engel has filed papers with this Court while he was ineligible to

20      practice law," pursuant to Civil Local Rule 11-6(a)(2) and Civil Local Rule 11-1(g)(1)(D); and

21  (2) sanctions, in the form of reasonable attorney's fees and costs incurred in the preparation and

22      filing of a reply to the Opposition to Defendant Drenberg's Partial Motion to Dismiss, ECF

23      No. 59.

24  Mot. at 4–5.  The Court considers each request for relief in turn.

25  **A.  Relief Pursuant to Civil Local Rules**

26      First, with respect to Defendant's request for relief under the Civil Local Rules, the Court

27                                                  2

28  Case No. 18-CV-06283-LHK
    ORDER REFERRING MATTER TO STANDING COMMITTEE ON PROFESSIONAL CONDUCT; DENYING
    REQUEST FOR MONETARY SANCTIONS

United States District Court
Northern District of California

United States District Court
Northern District of California

1    agrees that Engel's unauthorized practice of law warrants further escalation pursuant to the

2    mechanisms set forth by the Local Rules.

3           Specifically, Civil Local Rule 11-7(a) requires an attorney admitted to practice in this

4    Court who is "suspended, disbarred or placed on disciplinary probation by any court . . . [to] give

5    notice to the Clerk and the Clerk of the Bankruptcy Court in writing within 14 days of such

6    event."  Engel does not claim that he ever complied with this provision, and Engel's other filings

7    with the Court suggest that he never did so.  *See* ECF No. 88-1 ("Engel Decl.") (claiming that,

8    because the "Chief District Judge has not issued any [order to show cause]," Engel does "not

9    believe [he] was ever listed as not eligible to practice in this Court.").

10          The Civil Local Rules further authorize this Court to refer the matter to either the Court's

11   Standing Committee on Professional Conduct or the Chief District Judge.  For example, Civil

12   Local Rule 11-8 provides:

13          A person who exercises, or pretends to be entitled to exercise, any of the privileges
            of membership in the bar of this Court, when that person is not entitled to exercise
14          such membership privileges, may be referred to the Standing Committee in addition
            to any action authorized by applicable law.

15   Similarly, Civil Local Rule 11-6(a) allows the Court to refer the matter to either the Court's

16   Standing Committee on Professional Conduct or the Chief District Judge "in the event that a Judge

17   has cause to believe that an attorney has engaged in unprofessional conduct."

18          As the Court previously found above, Engel indisputably engaged in the unauthorized

19   practice of law in the instant case by filing the Opposition to Defendant Drenberg's Partial Motion

20   to Dismiss while Engel was suspended from the practice of law in California by the California

21   State Bar.  Similarly, Engel may have violated Civil Local Rule 11-1(a) by filing the complaint in

22   the instant case before being admitted to practice in this District.  Accordingly, as authorized by

23   Civil Local Rules 11-6(a) and 11-8, the Court hereby REFERS the matter to the Standing

24   Committee on Professional Conduct.

25   **B.  Monetary Sanctions Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority**

26          Second, with respect to Defendant's request for monetary sanctions, the Court finds that

27                                                    3

28   Case No. 18-CV-06283-LHK
     ORDER REFERRING MATTER TO STANDING COMMITTEE ON PROFESSIONAL CONDUCT; DENYING
     REQUEST FOR MONETARY SANCTIONS

1    Defendant has failed to substantiate his request for monetary sanctions.  As stated above,

2    Defendant seeks compensation for reasonable attorney's fees and costs incurred to prepare and file

3    the reply to Engel's Opposition to Defendant Drenberg's Partial Motion to Dismiss, which Engel

4    filed while unauthorized to practice law.  Defendant's motion for monetary sanctions is based

5    upon 28 U.S.C. § 1927 and the Court's inherent authority.  *See* Mot. at 4–5; Reply at 4–5.

6    Crucially, for the Court to grant sanctions under either mechanism, the Court must make a finding

7    of bad faith.  *See Goodyear Tire & Rubber v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (holding that

8    monetary sanctions pursuant to the Court's inherent authority must be calibrated to "the bad-faith

9    acts on which it is based"); *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996)

10   (holding that "section 1927 'must be supported by a finding of subjective bad faith.'").

11          Based on the record before the Court, the Court can not find that Plaintiff acted in bad

12   faith.  As an initial matter, Defendant failed to even argue in his motion for sanctions that Plaintiff

13   acted in bad faith.  Mot. at 4-5.  Defendant belatedly raised the issue of bad faith for the first time

14   on reply.  Reply at 2–4.  Regardless, based on the current record, the Court cannot say that Engel

15   acted in bad faith.  The record before the Court does not demonstrate that Engel acted intentionally

16   or to harass Defendant by filing the Opposition to Defendant Drenberg's Partial Motion to

17   Dismiss.  Furthermore, Defendant does not argue that Engel's Opposition to Defendant

18   Drenberg's Partial Motion to Dismiss was frivolous.  Reply at 3.  Instead, Defendant asserts that

19   Engel's brief was "without merit."  Reply at 3.  Because Defendant has failed to establish bad

20   faith, the Court may not issue monetary sanctions under either 28 U.S.C. § 1927 or the Court's

21   inherent authority.

22   **III.    CONCLUSION**

23          Accordingly, the Court REFERS this matter to the Court's Standing Committee on

24   Professional Conduct with respect to (1) Engel's filing of the Opposition to Defendant Drenberg's

25   Partial Motion to Dismiss, ECF No. 56, while ineligible to practice law in California; and (2)

26   Engel's filing of the complaint, ECF No. 1, prior to admission to practice in the Northern District

27

28   Case No. 18-CV-06283-LHK
     ORDER REFERRING MATTER TO STANDING COMMITTEE ON PROFESSIONAL CONDUCT; DENYING
     REQUEST FOR MONETARY SANCTIONS

United States District Court
Northern District of California

4

1    of California.  The Court DENIES Defendant's request for monetary sanctions.

2    **IT IS SO ORDERED.**

3

4    Dated: March 27, 2020

5

6    LUCY H. KOH
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

5

Case No. 18-CV-06283-LHK
ORDER REFERRING MATTER TO STANDING COMMITTEE ON PROFESSIONAL CONDUCT; DENYING
REQUEST FOR MONETARY SANCTIONS