AARON DRENBERG
99 PAVIA PLACE
ST JOHNS, FL 32259

VIRGINIA DEMARCHI PATRICIA CROMWELL
UNITED STATES DISTRICT COURT
280 S 1ST ST RM 2112
SAN JOSE, CA 95113-3008

Aaron Drenberg
99 Pavia Place
St Johns, FL 32259
adrenberg@gmail.com
(908) 217-8295

September 18, 2020

Virginia DeMarchi, Patricia Cromwell
United States District Court
Northern District of California
280 S. First Street, Room 2112
San Jose, CA 95113

Dear Judge DeMarchi and Ms. Cromwell,

I am writing to inquire whether my name can be redacted from the published orders in Case 5:18-cv-06283-LHK. Even though this case has been closed for nearly a year, it has been a source of ongoing harassment for me.

Mr. Song (the Plaintiff) and his associates are circulating links to published decisions in this case among my current and former employers, as well as people in my professional network. They are saying that I've been sued by my employers and that I am criminally guilty of industrial espionage. These communications began to occur after Mr. Song and his attorney, Mr. Engel, voluntarily dismissed the case on November 1, 2019.

This case is being used to attack my professional relationships, and I believe that may have been the original goal. Included with this letter is a short statement to explain why I believe this. I understand if you do not have the time to read my statement, so please disregard it in that case.

Thank you.

Sincerely,

*[signature]*

Aaron Drenberg

**RECEIVED**

SEP 25 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

**Statement**

Mr. Song and his lawyer, Mr. Engel, filed a complaint that contains numerous statements about how I've harmed my employers, and both during and after this case they have made attempts to involve my employer.

There are 34 pages of additional documents that support this statement. I did not want to inundate the reader of this statement with an excessive number of pages. However, please contact me if you would like me to supplement this statement by mailing the additional documents.

Mr. Song and Mr. Engel filed this case after I obtained a judgment against Mr. Song in San Francisco Superior Court. Their complaint contains statements about how I've harmed previous employers, specifically that I "will stop at nothing to burn the place to the ground on the way out." (Document 1, Paragraph 16) and that I have a "pattern of maliciously attacking every employer and business partner with whom they part ways" (Document 1, Paragraph 93).

The complaint also re-pleads old allegations from litigation between me and a company called Focus!, specifically that I "used that misappropriated information to disparage Focus! to its own customers, including falsely claiming that Focus! was not properly licensed" (Document 1, Paragraph 13).

The Focus! allegation is easy to disprove. The Florida Department of Financial Services independently found that Focus! was not properly licensed and on May 14, 2015, they forced Focus! to shut down. Since Mr. Engel's privilege log and Mr. Song's email disclosures show that they were communicating with the owner of Focus! about the prior litigation, they should have reasonably known this as well. Nevertheless, they included this as an example of how I've allegedly sabotaged previous employers.

I can provide a copy of the order where Focus! was shut down by the State of Florida as Attachment A.

On July 16, 2018, Mr. Engel contacted my attorney regarding the San Francisco case. So, from July 16, 2018 onwards Mr. Engel knew that I was represented by counsel. Despite knowing this, just a few days after filing his case in Judge Koh's court, Mr. Engel went straight to contacting my employer.

On October 17, 2018, Mr. Engel contacted my employer by phone. On the call, Mr. Engel immediately said he was trying to speak to me directly, then lied and said that he had previously spoken with me at work. When asked about the purpose of the call, Mr. Engel stated that he was trying to serve me with legal papers. Mr. Engel repeatedly asked for my direct contact information and the contact information for my employer's General Counsel office. Mr. Engel also tried to obtain the standard format for employee email addresses, so he could infer my contact information.

On October 17, 2018, after his phone call with my employer, Mr. Engel sent an email to my employer's General Counsel. In his email, Mr. Engel stated that I had been sued by a group of clients despite Mr. Song being the only principal behind each of the Plaintiffs. Mr. Engel also lied and said that he had attempted to serve me court papers through my attorney and stated "I am also requesting that I be provided with a work email address and/or telephone number so that I may attempt to resolve the situation with Mr. Drenberg directly".

I can provide a transcript of Mr. Engel's phone call with my employer as Attachment B. I can provide a copy of Mr. Engel's email to my employer as Attachment C.

Mr. Engel's behavior is already being handled through a Bar complaint, my point in addressing it here is that within days of filing his case, despite knowing that I was represented by counsel, Mr. Engel immediately began trying to circulate information about the lawsuit with my employer and told several lies to my employer in the process.

On August 19, 2019, someone claiming to be a High Court Judge in Myanmar emailed my employer to "inform you of serious criminal litigation that is in process against your employee Aaron Drenberg." The email stated that they were proceeding with a warrant and stated, "Please inform us of your address where we will mail the police papers, as well as documented evidence of Drenberg's malfeasance against his past business partners and employers, generally." The email further stated that my employer may be subject to a subpoena.

The August 19 email contained a Dropbox link to a "format complaint" that was the basis for the alleged criminal litigation against me. This "complaint" stated that the CEO and CTO of my company were implicated in a plot where I had colluded to steal trade secrets from Mr. Song, that I had accused the CEO and CTO of my company of being homosexuals and described them as Muslim sympathizers, and that I had gone on a rant denigrating homosexuals and Muslims. The "complaint" also stated that I had "a documented history

of misrepresentation, sabotage, and industrial espionage." and mentioned my previous litigation with Focus!.

I hired a woman named Daw Myint Swe who worked with the Myanmar Attorney General's office to look into whether these accusations were real. She informed me that the person behind those emails was impersonating a High Court Judge and that the emails were not real. A subpoena to Dropbox revealed that the "complaint" linked in the email belonged to Cat Song, Mr. Song's sister.

I can provide a copy of the fake Myanmar Judge's email to my employer as Attachment D. I can provide a copy of the "complaint" where I allegedly called my bosses homosexuals and Muslim sympathizers as Attachment E. I can provide a copy of the Dropbox subpoena response identifying Mr. Song's sister as the owner of the "complaint" linked in the Myanmar Judge's email as Attachment F.

Since November 1, 2019, I have been approached by multiple people in my professional network who have informed me that someone is circulating links to online information about this case and saying that I have been sued by my employers and that I am guilty of criminal industrial espionage. I know that reading the published decisions in this case would reveal these accusations to be untrue, but the fact is that most people don't read the decisions, they just see that the case exists and assume that I've been sued for what someone is claiming to be criminal espionage against my employers.

I am financially and emotionally exhausted by the antics of Mr. Song and his attorney. The games they played with this case have cost me tens of thousands of dollars in unnecessary legal expenses, harmed my relationship with my employer, and this case is still being used to disrupt my professional relationships. I do not have the energy to file further lawsuits, which will cost tens of thousands of dollars and take years to resolve, while I try to stop this behavior from occurring. The system is not designed for people like me, with limited finances, to pursue extensive litigation and subpoenas trying to investigate every alias, social media account, and email account being used to target me for harassment.

I do not believe that I should be subjected to harassment over a case that has been closed. So, if you are open to doing so, please redact my name from the published decisions. I think that will at least provide some relief for me. Or alternatively, if the case can be sealed, I would like to ask if that is an option.