UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES K. SONG, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>AARON DRENBERG,<br><br>　　　　Defendant. | Case No. 18-cv-06283-LHK   (VKD)<br><br>**ORDER AWARDING ATTORNEYS' FEES AND COSTS TO DEFENDANT WITH RESPECT TO DEFENDANT'S FIRST SET OF DOCUMENT REQUESTS**<br><br>Re: Dkt. Nos. 87, 120 |

On October 11, 2019, the Court issued an order finding sanctions warranted under Rule 37(b)(2) of the Federal Rules of Civil Procedure against plaintiff James Song and his counsel for failure to comply with the Court's prior orders with respect to defendant Aaron Drenberg's first set of requests for production of documents. Dkt. No. 87. The Court further clarified that its October 11 sanctions order encompassed only Mr. Drenberg's reasonable attorneys' fees and costs incurred in preparing the motions to compel (Dkt. Nos. 39, 65, 68) with respect to the first set of document requests as to the matters on which Mr. Drenberg prevailed. Dkt. No. 120. Counsel for Mr. Drenberg then filed a revised declaration supporting his request for attorneys' fees and costs, which Mr. Song and his counsel opposed. Dkt. Nos. 128, 139. On September 28, 2021, the Court heard oral argument on the reasonable amount of fees and costs to be awarded.[1] Dkt. No. 158.

Rule 37(b)(2) requires a causal connection between the litigant's misconduct and the legal fees incurred by the opposing party. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178,

---

[1] Plaintiffs appealed the district judge's November 4, 2019 orders in this case, divesting the district court of jurisdiction over "those aspects of the case involved in the appeal," which in this case included the October 11, 2019 order awarding sanctions (Dkt. No. 87). The amount of fees and costs to be awarded therefore remained unresolved pending resolution of the appeal.

1186 n.5 (2017).  That kind of causal connection is "appropriately framed as a but-for test": the complaining party may recover only the portion of fees that he would not have paid but for the misconduct.  *Id.* at 1187 (citation omitted).  This but-for causation standard allows the Court to "exercise discretion and judgment" in assessing litigation expenses.  *Id.*  "Trial courts undertaking [this] task need not, and indeed should not, become green-eyeshade accountants."  *Id.* (citation and internal quotation marks omitted); *see also In re Personalweb Technologies, LLC Patent Litig.*, 18-md-02834-BLF, 5:18-cv-00767-BLF, 18-cv-05619-BLF, 2021 WL 796356, at *5 (N.D. Cal. Mar. 2, 2021) ("In examining the reasonableness of fees and in applying the 'but for' standard, the mechanics of determination 'does not require a tedious, line-by-line investigation of the hours . . . expended'"). (citation omitted).  This Court may decide, then, "that all (or a set percentage) of a particular category of expenses . . . were incurred solely because of a litigant's bad-faith conduct."  *Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1187.

The Court has reviewed Mr. Drenberg's counsel's amended declaration describing fees and costs incurred by Mr. Drenberg.  Dkt. No. 128.  Only certain categories of fees and costs can be attributed to preparation of the relevant motions to compel with respect to the first set of document requests as to the matters on which Mr. Drenberg prevailed.  Accordingly, the Court awards sanctions in the amount of $5,715 in attorneys' fees to account for the drafting of joint discovery dispute letters and legal research in connection with those letters, and $51.25 in costs for the delivery of courtesy copies to this Court.  The Court will not require Mr. Song and his counsel to reimburse Mr. Drenberg for his counsel's communications with opposing counsel and with Mr. Drenberg, review of plaintiffs' written responses, or review documents produced in response to document requests.  These activities are not within the scope of the Court's sanctions order and do not meet the but-for causation test of Rule 37(b)(2).

Mr. Song and his counsel are jointly responsible for the payment of sanctions.  Dkt. No. 87 at 2.  Payment in the total amount of $5,766.25 shall be made to Mr. Drenberg no later than **November 17, 2021.**

//

//

**IT IS SO ORDERED.**

Dated: October 18, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

3