UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES K. SONG, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>AARON DRENBERG,<br><br>　　　　　Defendant. | Case No. 18-cv-06283-LHK (VKD)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS AS TO DEFENDANT'S SECOND SET OF DOCUMENT REQUESTS**<br><br>Re: Dkt. No. 117 |

On November 11, 2019, defendant Aaron Drenberg moved for an order of contempt against Mr. Song's counsel, Adam Engel, and for sanctions against both Mr. Song and his counsel, as to his second set of document requests. *See* Dkt. Nos. 117, 117-1. Mr. Song and his counsel opposed Mr. Drenberg's motion. Dkt. No. 134. However, before briefing on this motion closed, plaintiffs appealed the district judge's November 4, 2019 orders in this case to the Ninth Circuit, divesting the district court of jurisdiction over "those aspects of the case involved in the appeal," which in this case included this Court's October 11, 2019 order awarding sanctions (Dkt. No. 87) and Mr. Drenberg's motion for sanctions as to his second set of document requests (Dkt. No. 117). In the interim, this Court denied Mr. Drenberg's motion for an order of contempt. Dkt. No. 145.

Upon issuance of the Ninth Circuit's mandate on July 13, 2021, the Court now has jurisdiction over Mr. Drenberg's motion for sanctions. The Court heard argument on the motion on September 28, 2021. Dkt. No. 158. For the reasons stated below the Court grants Mr. Drenberg's motion for sanctions as to Mr Engel.

**I.　BACKGROUND**

In this action, plaintiff James Song and four others asserted claims against defendant

1  Aaron Drenberg for defamation, violation of the Computer Fraud and Abuse Act, and fraud with
2  respect to a Digital Millennium Copyright Act takedown notice. Dkt. No. 46. The parties asked
3  the Court to resolve several discovery disputes relating to document production. As relevant to
4  this motion for sanctions, on September 18, 2019 Mr. Drenberg asked the Court to order Mr. Song
5  to comply with his obligations to respond in writing to Mr. Drenberg's second set of requests for
6  production of documents. Dkt. No. 66 at 1–4.

7  The Court granted the relief Mr. Drenberg requested, including requiring Mr. Song to
8  serve amended responses to the second set of document requests and to produce documents in
9  usable form. Dkt. No. 84 at 11. In addition, the Court found that because Mr. Song had not
10 provided a privilege log with respect to documents responsive to Mr. Drenberg's second set of
11 document requests, he had waived any privilege or protection as to those documents. *Id.* In
12 finding in Mr. Drenberg's favor, the Court observed: "Mr. Song's failure to comply with his
13 discovery obligations with respect to the second set of document requests is not excused merely
14 because those particular requests were not the subject of this Court's prior orders. In fact, based
15 on those prior orders, Mr. Song should have known better than to repeat the same errors." *Id.* at
16 11–12.

17 On November 1, 2019, plaintiffs voluntarily dismissed their claims against Mr. Drenberg
18 pursuant to Rule 41(a)(1)(A)(i). Dkt. Nos. 111, 113.

19 **II.    DISCUSSION**
20 Mr. Drenberg moves for sanctions against both Mr. Song and his counsel, Mr. Engel,
21 under Rule 37, the court's inherent authority, and 28 U.S.C. § 1927. Dkt. No. 117 at 2, 7.
22 However, at the hearing, Mr. Drenberg affirmatively abandoned reliance on Rule 37. For this
23 reason, the Court considers only whether sanctions are warranted under its inherent authority and
24 section 1927. Mr. Song and his counsel challenge this Court's jurisdiction to award sanctions and
25 oppose an award of sanctions on the merits. Dkt. No. 134 at 6–8.

26     **A.    Jurisdiction**
27 Mr. Song suggests that this Court lacks jurisdiction to decide a motion for sanctions
28 because plaintiffs voluntarily dismissed the underlying claims before the motion was filed. *Id.* at

1. 6. He is not correct.

The Court possesses ancillary jurisdiction "over attorney fee disputes collateral to the underlying litigation." *K.C. ex. rel. Erica C. v. Torlackson*, 762 F.3d 963, 968 (9th Cir. 2014) (citation omitted). The Court maintains jurisdiction over such proceedings even when such motions are made post-judgment, *see White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 454 (1982) (plaintiff sought attorney's fees four-and-a-half months after entry of judgment), or after plaintiff has voluntarily dismissed the case, *see Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395–96 (1990) (district courts may impose sanctions under Rule 11 even after the plaintiff has filed a notice of dismissal under 41(a)(1)). "In our view, nothing in the language of Rule 41(a)(1)(i), Rule 11, or other statute or Federal Rule terminates a district court's authority to impose sanctions after such a dismissal." *Id.* at 396.

## B.     Sanctions

A court possesses inherent authority to award monetary and other sanctions where a party acts in bad faith, and where this authority has not been displaced by statute or by a rule-based sanctioning scheme. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-48 (1991); *see also Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (court has inherent authority to award attorneys' fees incurred by moving party because of the misconduct at issue). Bad faith includes a broad range of willful improper conduct, including reckless conduct combined with an improper purpose. *Fink v. Gomez*, 239 F.3d 989, 992-94 (9th Cir. 2001). The Court's inherent authority must be exercised with restraint and discretion. *Chambers*, 501 U.S. at 44.

In addition, 28 U.S.C. § 1927 provides that a court may require an attorney who "unreasonably and vexatiously" multiplies the proceedings in a case to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. A finding of unreasonable and vexatious conduct may be premised on a showing of recklessness or bad faith, but bad faith is not required. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (citing *Fink*, 239 F.3d at 993). The statute does not authorize sanctions against a party.

Here, Mr. Engel acted in a manner that was both knowing and reckless when, in response

1  to Mr. Drenberg's second set of document requests, he served on Mr. Song's behalf responses
2  identical to those the Court had previously found deficient with respect to Mr. Drenberg's first set
3  of document requests and failed to produce responsive documents in usable form.  Dkt. No. 84 at
4  11.  Neither Mr. Song nor Mr. Engel provides any justification for this conduct.  Dkt. No. 66 at 4;
5  Dkt. No. 69 at 4–5; Dkt. No. 84 at 10–11.  The Court need not decide whether Mr. Song or Mr.
6  Engel acted in bad faith; the record clearly establishes that the conduct at issue was at least
7  reckless.  Moreover, the failure to serve compliant responses to Mr. Drenberg's second set of
8  document requests or to produce responsive documents in usable form necessitated submission of
9  yet another discovery dispute to this Court—one that raised issues identical to those the Court had
10 earlier resolved against Mr. Song in a prior order.  This pattern of conduct "unreasonably and
11 vexatiously" multiplied proceedings in this matter, and for this reason, the Court concludes that
12 sanctions are warranted under 28 U.S.C. § 1927.

### III.    CONCLUSION

For the reasons explained above, the Court will require Mr. Song's counsel, Mr. Engel, to reimburse Mr. Drenberg for the fees and costs reasonably incurred in preparing the motion to compel (Dkt. Nos. 66, 69) Mr. Song's compliance with his discovery obligations with respect to Mr. Drenberg's second set of document requests.  Mr. Drenberg may file a request for a specific amount of fees and/or costs, supported by a declaration or other evidence sufficient to show the fees and costs incurred *solely* in preparing his successful motion to compel no later than **November 8, 2021**.  Mr. Engel may file a response to Mr. Drenberg's submission no later than **November 22, 2021**.  Alternatively, the parties may stipulate to the amount of fees and/or costs to be awarded and so advise the Court.

**IT IS SO ORDERED.**

Dated: October 18, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge